AMERICAN ALKALI CO., to Use of BROWN, v. KURTZ.

(Circuit Court of Appeals, Third Circuit. May 24, 1905.)

No. 13.

CORPORATIONS—STOCKHOLDERS—LIABILITY FOR ASSESSMENT.

One who, acting as agent for the owners of stock of a corporation in which he himself had no interest, caused the same to be transferred on the books of the company to a third person, who was an employé of the company, and without interest in the stock, the actual ownership of which remained as before, did not thereby render himself liable for an assessment thereafter made by the directors, where no fraud or deception was practiced on the company.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 134 Fed. 663.

Malcolm Lloyd, Jr., for plaintiff in error.

R. M. Schick, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This was an action at law brought by the American Alkali Company, a corporation of the state of New Jersey, to the use of its receiver, Arthur K. Brown, against W. Wesley Kurtz, trading as a banker and broker under the name of W. W. Kurtz & Co. to recover an assessment made on September 16, 1901, by the board of dirctors of the company upon 3,700 shares of the preferred stock of the company, of which on that date H. C. Magee was the holder of record on the books of the company. The case stated, submitted to the court for decision, contains the following recital of facts in respect to the 3,700 shares of stock:

"On and prior to November 17, 1900, certificates therefor in the names of various persons, other than the defendant, had been duly issued by the American Alkali Company, and were registered on the books of the company in the name of said various persons. On the said November 17, 1900, the said certificates were in the possession of the defendant, each accom-panied with a power of attorney to transfer the same, duly executed by the various persons in whose names they were registered, but in blank as to the name of the attorney who was to execute the transfers. The stock repre-sented by the said certificates was not, however, nor was any part of it, the property of the defendant, but the said stock all belonged to various other persons, and the defendant was in possession of said certificates therefor as agent for the various persons who were the owners thereof. On the said November 17, 1900, the defendant, acting therein as the agent for and on behalf of the various persons who owned the said stock, delivered to the officers of the said American Alkali Company the said certificates for thirty-seven hundred shares of stock, together with the said powers of attorney to transfer the same, and requested that they be transferred to, and that new certificates therefor be issued to, the said H. C. Magee, and the said trans-fers were on the same day made, and new certificates issued in his name; and the said shares stood of record on the books of the company in his name, and so continued, from the said November 17, 1900, to September 16, 1901, as aforesaid. At the time the said shares were transferred the said defendant did not inform the said American Alkali Company of the names of the various persons to whom the said stock belonged, and for whom the defendant acted on requesting the transfer, and he was not asked to so in-form them. The said H. C. Magee, in becoming the holder of record of said shares of stock, acted at the request of the defendant, and had no ownership, interest, or property in the said shares. The said Magee was on the said November 17, 1900, the clerk of the said company for the transfer of its stock. The plaintiff subsequently made demand upon the defendant to pay the as-sessment on the said shares so standing in the name of the said Magee, and the defendant refused to make payment."

The foregoing statement discloses all the grounds of alleged liability on the part of the defendant to pay the stock assessment here sued for.

Now, it is not pretended that the defendant subscribed for this stock, or that he entered into any express contract to pay assess-ments thereon. It is admitted that the stock was not owned by

the defendant, but that it actually belonged to other persons, for whom the defendant acted as agent. The defendant's possession of the stock certificates was as agent for the owners. The case shows that whatever the defendant did in this entire business was done by him as agent of the owners of the stock. Nothing at all appears tending to impeach the good faith of the defendant. He practiced no deception upon the alkali company, and did nothing to mislead the company. The stock never stood on the company's books in the name of the defendant. At the time of the assessment the registered holder was Magee. He was not the defendant's clerk, but was the transfer clerk of the alkali company. The case stated does not show that Magee held the stock in trust for or as agent of the defendant. To the contrary, upon the agreed facts it is evident that Magee was the registered holder of the stock for the defendant's principals—the real owners. Therefore, as the defendant is not liable by virtue of any express contract to pay the assessment, and as he was not the owner of the stock, nor the holder of record thereof, when the assessment was made, the court below was right in giving judgment in his favor upon the case stated.

It does not appear that the defendant has refused to disclose his principals, but, if he should do so, it is open to the plaintiff to file a bill of discovery, if necessary. Brown v. McDonald (C. C. A.) 133 Fed. 897.

The judgment of the Circuit Court is affirmed.